UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH CROWL (#507713)                                         CIVIL ACTION

VERSUS

DARREL VANNOY, ET AL.                                           16-413-SDD-RLB

## ORDER

This matter comes before the Court on the Plaintiff's *Motion for Preliminary Injunction and/or Temporary Restraining Order*.[1]

*Pro se* Plaintiff, an inmate previously confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Darrel Vannoy, Stephanie Lamartiniere, Dr. Randy Lavespere, Doctor Helms, and Doctor John Doe. The Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs since May of 2015. In short, the Plaintiff alleges that the Defendants have failed to provide him with medications and refer him to the appropriate specialists to treat his hernia and herniated disks in his back, resulting in severe pain. Plaintiff is now before the Court seeking injunctive relief and complaining that he is still suffering from pain due to the hernia and herniated disks mentioned in his *Complaint*.[2] He requests that the Defendants be ordered to provide him with adequate care and treatment.

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 1.

In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest."[3]  "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements."[4]  If the plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[5]

On the record before the Court, the Plaintiff is not entitled to the relief requested. On or about August 10, 2016, the Plaintiff forwarded correspondence to the Court inquiring as to the status of his filing fee and notifying the Court of his new address at Winnfield Correctional Center.[6]  Since the Plaintiff has been transferred from LSP, he is no longer subject to the care and control of the Defendants.  The United States Court of Appeals for the Fifth Circuit has clearly and repeatedly held that a transfer from one facility to another generally renders moot any claims for injunctive relief with respect to an inmate's prior facility.[7]  Accordingly, inasmuch as the Plaintiff is no longer confined at LSP, and is no longer subjected to any alleged wrongdoing at the hands of personnel employed at that facility, he has not made a showing of entitlement to injunctive relief.

---

[3] *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003).
[4] *Id.* at 196.
[5] See *Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990).
[6] See Rec. Doc. 6.
[7] See *Harman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001).  See also *Kidd v. Livingston*, 463 Fed. Appx. 311, 314 (5th Cir. 2012); *Stern v. Hinds County, Mississippi*, 436 Fed. Appx. 381, 382 (5th Cir. 2001); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Davis v. Wall*, 50 F.3d 1033, *2 n. 3 (5th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion for Preliminary Injunction and/or Temporary Restraining Order*[8] is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's *Motion to Dispense with the Requirement of Security*[9] is **DENIED AS MOOT**.

Baton Rouge, Louisiana the 13 day of September, 2016.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[8] Rec. Doc. 3.
[9] Rec. Doc. 4.