# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KENNETH CROWL (#507713)**  CIVIL ACTION

**VERSUS**

**DARREL VANNOY, ET AL.**  NO. 16-413-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 1, 2017.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KENNETH CROWL (#507713)**                                      **CIVIL ACTION**

**VERSUS**

**DARREL VANNOY, ET AL.**                                       **NO. 16-413-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of defendants Warden Darrel Vannoy, Asst. Warden Stephanie Lamartiniere, and Dr. Randy Lavespere (R. Doc. 22). This Motion is opposed. See R. Docs. 23 and 24. There is also a pending Motion to Dismiss filed on behalf of Warden Darrel Vannoy, Asst. Warden Stephanie Lamartiniere, and Dr. Randy Lavespere (R. Doc. 14) that is not opposed.

The *pro se* plaintiff, an inmate previously incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Darrel Vannoy, Asst. Warden Stephanie Lamartiniere, and Dr. Randy Lavespere complaining that the defendants violated his constitutional right by exhibiting deliberate indifference to his serious medical needs. Defendants now move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and the affidavit of Dr. Randy Lavespere. The plaintiff opposes the Motion (R. Doc. 22) relying upon his verified Complaint.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file,

together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges the following: On May 11, 2015 he made a sick-call due to severe back pain. The plaintiff was evaluated by an EMT. On May 21, 2015 a referral to a neurologist was validated; however, the plaintiff was never seen by a neurologist.

On June 9, 2015 he made a sick-call due to a hernia which causing him severe pain, and because one of his medications, Cymbalta, was making him sick. Surfak and ibuprofen were prescribed, then discontinued approximately two weeks later. The plaintiff was advised that he would be seen by Dr. Lavespere for evaluation of his hernia.

On October 5, 2015, the plaintiff was seen by Dr. Helms.[1] Dr. Helms informed the plaintiff that he discontinued the Cymbalta medication and that a new medication would be prescribed. The plaintiff repeatedly reported to pill-call at the scheduled time to receive the new pain medication, but no medication was administered. On October 22, 2015, the plaintiff spoke with a nurse who advised the plaintiff that she would speak with Dr. Helms regarding the prescription for pain medication.

On January 17, 2016, the plaintiff filed a grievance and was then fast-tracked to see a doctor at the main prison. The plaintiff seen by Dr. Lavespere who advised the plaintiff that he had been referred to see specialists. After making several phone calls, Dr. Lavespere was unable to verify that any referrals had actually been made. Dr. Lavespere then made an appointment for the plaintiff to see a hernia specialist and have an x-ray taken of his back.

The next day the plaintiff's back was x-rayed and the plaintiff was seen by Dr. John Doe, a hernia specialist. Dr. Doe advised the plaintiff that his hernia was insignificant, and was smaller than fifty other hernia cases at LSP. Dr. Doe further informed that plaintiff that if he was referred for surgery, he would be the last person to be operated on regardless of the severe pain in his testicles and abdomen, due to lack of funds. The plaintiff continues to suffer with daily pain which causes a disruption of his daily living activities.

First, as to the plaintiff's § 1983 claims asserted against the defendants in their official capacities, § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan*

---

[1] Dr. Helms is also a named defendant in this matter. No proof of service has been filed into the record as to this defendant. The summons was returned unexecuted. A handwritten note on the summons indicates that service was refused due to the fact that Dr. Helms is now deceased. Plaintiff has not refuted that assertion and has taken no other steps to effectuate service on this defendant. Accordingly, it is recommended that any claims against Dr. Helms be dismissed without prejudice for failure to serve him within the time periods required under Rule 4 of the Federal Rules of Civil Procedure.

*Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25.

Accordingly, the plaintiff's § 1983 claims asserted against the defendants in their official capacities for monetary damages are subject to dismissal. In contrast, the plaintiff's § 1983 claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. Of course, the plaintiff must be able to prove a deprivation of his constitutional civil rights in order to obtain any entitlement to relief.

To the extent the plaintiff is complaining of a failure to appropriately respond to his grievance, these allegations fail to state a meritorious claim inasmuch as an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F.App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235,

1252 (5th Cir. 1989). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

With regards to the plaintiff's claim of deliberate indifference to his serious medical needs, defendants content in the instant motion that they are entitled to qualified immunity in connection with the plaintiff's claim. Specifically, the defendants contend that the plaintiff has failed to present facts sufficient to show that the defendants have violated the plaintiff's constitutional rights through deliberate indifference to the plaintiff's serious medical needs.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F.App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established at the time that the violation occurred. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202.[3]

---

[3] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' motion for summary judgment should be granted. Specifically, the Court concludes that the plaintiff has failed to present facts sufficient to support a viable constitutional claim of deliberate medical indifference.

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

The competent summary judgment evidence submitted by the defendants establishes the following: On May 11, 2015, the plaintiff filled out a Health Care Request Form complaining of lower back pain and a possible hernia. On May 21, 2015, the plaintiff was seen in the clinic. An old back injury was noted, and the plaintiff was referred to Neurology and prescribed medication for pain. Neurology comes to LSP for ½ day every week and sees approximately ten offenders per visit. Of those patients, only one or two are new referrals. The neurologist categorizes

referrals from one to four, with one being the most critical. Chronic back pain without loss of bowel or bladder is non-emergent and is therefore categorized as a two through four.

On June 9, 2015, the plaintiff filled out a Health Care Request Form wherein he complained of hernia pain and that the medication for his back pain was making him sick. The ENT noted that the hernia was reducible and Surfak and ibuprofen were prescribed. On October 5, 2015, the plaintiff was seen in the clinic. It was noted that his hernia was reducible and that he would be seen by Dr. Lavespere for hernia evaluation.

X-rays taken in January of 2016 showed mild degenerative disc disease. There was no difference between a 2007 x-ray and the January 2016 x-ray. On January 25, 2016, the plaintiff was seen in the clinic. Cymbalta was discontinued due to nausea, and the plaintiff was prescribed Indocin (a non-steroid anti-inflammatory) and Parafon Forte (a muscle relaxer).

On January 26, 2016, Dr. Lavespere evaluated the plaintiff's hernia. The hernia was very small, had no scrotal involvement, and did not need to be reduced. The plaintiff was not referred for surgical evaluation because Dr. Lavespere felt that a small herniation not even requiring reduction was not appropriate for surgery. In Dr. Lavespere's opinion, the plaintiff's hernia was not referred for surgery and was managed medically in accordance with the DOC Hernia Guidelines.

In June of 2016 the plaintiff was seen by Dr. John McCain, a pain management physician. A neurologic exam was conducted and no significant findings were recorded. The plaintiff's pain management plan was continued. The plaintiff was transferred from LSP in August of 2016, prior to seeing a neurologist.

With regards to the plaintiff's back pain, the plaintiff is not entitled to treatment by medical providers of his choice, *see Terrell v. Mertz*, 2015 WL 5475219, *3 (S.D. Miss. Sept. 17, 2015), nor is he entitled to the best possible medical care that may be available. *See Mayweather v. Foti*, 958 F.2d 91(5th Cir. 1992); and *McMahon v. Beard*, 583 F.2d 172, 174 (5th

Cir. 1978). While the plaintiff is unhappy with his medical care, his allegations make clear that his complaints have not been ignored and that he has been provided with treatment believed to be appropriate for his condition, including testing, medications and examinations. His allegations demonstrate only a disagreement about what medical treatment is appropriate for his condition, a claim that is not sufficient to establish an unconstitutional denial of medical care. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

With regards to the plaintiff's hernia, as noted in *Warren v. Gusman,* 2017 WL 1373875 (E.D. La. Mar. 10, 2017):

> "A hernia does not automatically present a serious medical need for purposes of constitutional analysis. Facts developed in other cases have established that there are three types of hernia situations: (1) a hernia that is strangulated, which is a medical emergency mandating surgery; (2) a hernia that is reducible yet so painful or debilitating that surgery is required; and (3) a hernia that is reducible and, given the dangers and risks inherent in any operation, can be treated through non-surgical means. *Johnson v. Doughty*, 433 F.3d 1001, 1014 (7th Cir. 2006); *see also* Dawson v. Corr. Corp., No. 15-CV-643, 2015 WL 4092782, at *2 (W.D. La. July 6, 2015) (*citing Clark v. Adams*, 233 Fed.Appx. 400 (5th Cir. 2007); *Mesa v. Kasule*, No. 9:12cv42, 2013 WL 2151706 (E.D. Tex. May 15, 2013); *Jones v. Schmidt,* No. 13-685, 2014 WL 6772493 (M.D. La. Dec. 1, 2014)) ("Courts have often found that a failure to undertake surgical intervention for a reducible hernia is not deliberate indifference to a serious medical need."); *Williams v. First Corr. Med.*, 377 F. Supp. 2d 473, 476 (D. Del. 2005) (no serious medical need when defendant physician attested that "plaintiff's hernia is 'very small,' 'reducible' and that plaintiff has not shown any signs of complications")."

The record before the Court indicates that the plaintiff's hernia does not present an immediate medical emergency, and the plaintiff's assertions that his hernia is so debilitating that immediate surgery is required are conclusory and without factual support. Dr. Lavespere has opined that the plaintiff's hernia is very small, reducible, and does not require surgery at this time. As such, it cannot be concluded that plaintiff's hernia presents a serious medical need for purposes of constitutional analysis. Furthermore, there is no evidence tending to show that the defendants refused to treat the plaintiff, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for the plaintiff's medical needs.

As previously noted, the plaintiff's disagreement about what medical treatment is appropriate for his condition is not sufficient to establish an unconstitutional denial of medical care. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, the Court finds that the plaintiff has failed to adequately support his claim asserted against the defendants, and the defendants are therefore entitled to summary judgment as a matter of law, dismissing the plaintiff's claims asserted herein.

## RECOMMENDATION

It is recommended that the Motion for Summary Judgment (R. Doc. 22), be granted, dismissing the plaintiff's claims asserted against Warden Darrel Vannoy, Asst. Warden Stephanie Lamartiniere, and Dr. Randy Lavespere, with prejudice, and that this action be dismissed.

It is further recommended that any claims against Dr. Helms be dismissed, without prejudice, for failure to serve.

It is further recommended that the Motion to Dismiss filed by defendants (R. Doc. 14) be denied as moot.

Signed in Baton Rouge, Louisiana, on August 1, 2017.

	**RICHARD L. BOURGEOIS, JR.**
	**UNITED STATES MAGISTRATE JUDGE**